**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **SCOTT HENGEMUHLE AND TY PROPERTIES, LLC,** | § § § | |
| Plaintiff, | § § | CIVIL ACTION |
| V. | § § | NO. _____ |
| **ACCEPTANCE INDEMNITY INSURANCE COMPANY AND ROBERT SAUCIER,** | § § § § § | |
| Defendants. | § | |

**DEFENDANT ACCEPTANCE INDEMNITY INSURANCE COMPANY'S**
**NOTICE OF REMOVAL**

TO THE HONORABLE COURT:

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Acceptance Indemnity Insurance Company ("Acceptance") files this Notice of Removal to the United States District Court for the Eastern District of Texas, Sherman Division, on the basis of diversity of citizenship and amount in controversy and respectfully show:

**I.**
**FACTUAL AND PROCEDURAL BACKGROUND**

1.1 On April 11, 2017, Plaintiffs Scott Hengemuhle and Ty Properties, LLC filed their Original Petition in the matter styled *Scott Hengemuhle and Ty Properties, LLC v. Acceptance Indemnity Insurance Company and Robert Saucier*, Cause No. 199-01698-2017, in the 199th Judicial District Court of Collin County, Texas. The lawsuit arises out of a claim Plaintiffs made for damages to their property under an insurance policy issued by Acceptance Indemnity Insurance Company.

**DEFENDANT ACCEPTANCE INDEMNITY INSURANCE COMPANY'S NOTICE OF REMOVAL** –
**PAGE 1**
2745574v1
11133.007

1.2   Plaintiffs served Acceptance with a copy of the Original Petition on or about April 26, 2017.

1.3   Upon information and belief, Robert Saucier ("Saucier") has not been served.

1.4   Defendant Acceptance files this Notice of Removal within 30 days of receiving Plaintiffs' pleading.  *See* 28 U.S.C. §1446(b).  In addition, this Notice of Removal is being filed within one year of the commencement of this action.  *See id.*

1.5   All pleadings, process, orders, and other filings in the state court action are attached to this Notice as required by 28 U.S.C. §1446(a).  A copy of this Notice is also concurrently being filed with the state court and served upon the Plaintiffs.

1.6   As required by 28 U.S.C. § 1446(a), and Rule 81.1 of the Local Rules for the United States District Court of the Eastern District of Texas, being filed simultaneously with the filing of this Notice of Removal is an Index of State Court Documents, which is attached hereto as Exhibit "A."  A certified copy of the District Clerk's Case Summary Sheet is attached hereto as Exhibit "B."  A copy of the Civil Case Information Sheet is attached hereto as Exhibit "C."  A copy of Plaintiffs' Original Petition is attached hereto as Exhibit "D."  A copy of the Citations by Certified Mail to Acceptance Indemnity Insurance Company and Robert Saucier is attached hereto as Exhibit "E".  A copy of the Officer's Return by Mailing of Acceptance Indemnity Insurance Company is attached here to as Exhibit "F" and the Officer's Return by Mailing of Robert Saucier unserved is attached hereto as Exhibit "G."  A copy of the Citation to the Texas Department of Insurance to be served upon Acceptance Indemnity Insurance Company is attached hereto as Exhibit "H".  A copy of the Texas Department of Insurance Letter to Plaintiffs is attached here to as Exhibit "I" and  copy of Acceptance Indemnity Insurance Company's Original Answer to Plaintiffs' Original Petition is attached as Exhibit "J."  Also included with

this filing is of Acceptance Indemnity Insurance Company's Certificate of Interested Persons, which is attached hereto as Exhibit "K," and a Civil Cover Sheet.

1.7 Venue is proper in this Court under 28 U.S.C. §1441(a) because this district and division embrace Collin County, Texas, the place where the removed action has been pending and where the incident giving rise to this lawsuit took place.

## II.
## BASIS FOR REMOVAL

2.1 Removal is proper based on diversity of citizenship under 28 U.S.C. §§1332(a), 1441(a) and 1446.

### A. The Proper Parties Are Of Diverse Citizenship.

2.2 Plaintiffs are, and were at the time the lawsuit was filed, a Texas resident and business that reside and/or own property and conduct business in Collin County, Texas. *See* Pl's Original Pet. ¶ 1, attached hereto as Exhibit "D."

2.3 Defendant Acceptance is, and was at the time the lawsuit was filed, a citizen of the State of Nebraska. Acceptance Indemnity is an insurance company incorporated under the laws of the State of Nebraska, with its principal place of business in Omaha, Nebraska. Therefore, of Acceptance Indemnity Insurance Company is a citizen and resident of the state of Nebraska for diversity purposes.

2.4 Upon information and belief, Defendant Robert Saucier is, and was at the time the lawsuit was filed, a resident and citizen of the State of Texas. With respect to the claims against Saucier, it is Acceptance's position that he has been fraudulently joined in this action. Therefore, the Texas citizenship of Saucier should be disregarded for the purposes of evaluating diversity in this matter.

2.5     When fraudulent joinder is asserted, the Court must "pierce the pleadings" to determine whether a cause of action grounded in fact exists. *Carriere v. Sears, Roebuck & Co.,* 893 F.2d 98, 100 (5th Cir. 1990), *cert. denied,* 498 U.S. 817 (1990). The failure to specify a legal and factual basis for a claim against a non-diverse party constitutes a failure to state a claim and results in fraudulent joinder of that party. *Waters v. State Farm Mut. Auto. Ins. Co.,* 158 F.R.D. 107, 109 (S.D. Tex. 1994).

2.6     Here, Plaintiff asserts generic claims against Saucier for violations of the Texas Insurance Code, violations of the Deceptive Trade Practices Act, and Unfair Insurance Practices. *See* Pl's Orig. Pet., Exhibit D, pp. 32-39. Based on Plaintiff's pleading, there is no basis for predicting that Plaintiff might be able to establish liability against Saucier because no real facts relating to him have been set forth. Plaintiff's claims against Saucier consist merely of labels, conclusions, and formulaic recitations of the elements of causes of action. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 127 S. Ct. 1955, 1964-65, 167 L.Ed.2d 929, 940 (2007); *see also Ashcroft v Iqbal,* 556 U.S. 662, 129 S. Ct. 1937, 1945, 173 L.Ed.2d 868 (2009). As such, Plaintiff cannot "establish a cause of action against [Saucier] in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)); *see also TAJ Properties, LLC v. Zurich American Ins. Co.*, Civil Action No. H-10-2512, 2010 WL 4923473 at *2 (S.D. Tex. Nov. 29, 2010) (Werlein, J.). Because there is no reasonable basis for this Court to predict that the Plaintiff might be able to recover against Saucier, his presence should be disregarded in determining diversity jurisdiction.

2.7     Because Plaintiffs are citizens of Texas and Defendant Acceptance Indemnity Insurance Company is a citizen of Nebraska, complete diversity of citizenship exists among the proper parties.

B.     **The Amount in Controversy Exceeds $75,000.00.**

2.8     This is a civil action in which the amount in controversy exceeds $200,000. Plaintiffs' Petition expressly alleges that "Plaintiffs are seeking monetary relief over $200,000 but not more than $1,000,000." *See* Exhibit D, ¶ 5. Thus, the express allegations in the Petition exceed the amount in controversy threshold of $75,000.00.

## III.
## CONCLUSION & PRAYER

All requirements are met for removal under 28 U.S.C. §§ 1332, 1441, and 1446. Accordingly, Defendant Acceptance Indemnity Insurance Company hereby removes this case to this Court for trial and determination.

                          Respectfully submitted,

                          /s/ Rhonda J. Thompson
                          Rhonda J. Thompson
                          State Bar No. 24029862
                          Jacqueline Ihekwaba
                          State Bar No. 24090179

                          **THOMPSON, COE, COUSINS & IRONS, L.L.P.**
                          700 N. Pearl Street, 25th Floor
                          Dallas, Texas 75201
                          Telephone:  (214) 871-8200
                          Facsimile:   (214) 871-8209
                          Email:   rthompson@thompsoncoe.com
                          Email:   jihekwaba@thompsoncoe.com

                          **COUNSEL FOR DEFENDANT ACCEPTANCE INDEMNITY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

      This is to certify that on the 9th day of June 2017, a true and correct copy of the foregoing was delivered to the following counsel of record by electronic service and/or facsimile transmission and/or certified mail, return receipt requested:

Matthew J. Worrall
State Bar No. 24070883
Worrall Law Group, PLLC
1770 St. James Place, Suite 100
Houston, Texas 77056
Telephone: (713) 523-5500
Facsimile: (713) 583-3411
mworrall@worralllaw.com
      *Counsel for Plaintiffs*


                /s/ Jacqueline Ihekwaba
                Jacqueline Ihekwaba